DECISION
Plaintiff appeals from Defendant's disallowance of the child care credit, the working family credit, and head of household filing status. The tax year at issue is 2006. The matter came for trial; the parties then attempted to resolve the matter informally and, unable to do so, the case is before the court for decision. Plaintiff appeared on his own behalf. Defendant was represented by Linnea Wittekind, an auditor with the Department of Revenue (department).
 I. STATEMENT OF FACTS
Plaintiff's 2006 Oregon tax return claimed child care expenses in the amount of $3,500. Plaintiff claimed the working family child care credit provided in ORS 315.262[1] and the credit for dependent care expenses provided in ORS 316.078. Plaintiff also filed as head of household.
Plaintiff was married in 2006, [2] although he and his wife Julie-Ann were "separated" for approximately the first half of the year. While the couple lived apart during that time, they were not legally separated. During their period of separation, Plaintiff lived with his sister, and his wife lived separately in an apartment. Plaintiff testified that he paid his sister $250 per month for rent. However, there is no substantiation for that claim. *Page 2 
Plaintiff testified that the he and his wife shared "custody" of their 2 year old son Aaron (who was born July 10, 2004) during the time they lived apart, alternating physical custody and care on a weekly basis (i.e., each taking the child for a period of one week). Further, according to Plaintiff's testimony, the one with "custody" took the child to the babysitter. Plaintiff testified that the babysitter was the brother of his mother's boyfriend, a man named Yuma, who was in his "50s". Plaintiff did not know the man's last name. Plaintiff testified that he and his wife split the child care costs, paying in cash every two weeks. Plaintiff submitted child care expense receipts reflecting monthly cash payments of $291.66. The receipts, which are numbered sequentially, are simply dated by the month and year (e.g. "Jan. 2006," "Feb. 2006"), and signed by "Yuma _____.[3]
As for their employment, Plaintiff testified that he was employed all year by Kodak in 2006, and that his wife worked for Sprint/Embarq for the first half of the year, before being fired. According to the testimony, Plaintiff continued to utilize the services of the babysitter even though Julie-Ann was unemployed for the last half of the year and the couple was back to living together. When asked on cross-examination why a babysitter was necessary after the couple united and Julie-Ann was unemployed, Plaintiff testified that the babysitter would not care for the child unless it was full-time.
 II. ANALYSIS
A. Filing Status
1. Head of Household
For purposes of this case, the Internal Revenue Code (IRC) section 2(b) defines "head of household" as an "individual [who] is not married at the close of the taxable year[.]" See also *Page 3 
Treas. Reg. § 1.2-2 (b) (limiting "head of household" filing status to individuals not married at the close of the taxable year). For calendar year taxpayers like Plaintiff, the close of the tax year is December 31. Because Plaintiff was married throughout 2006, including December 31, 2006, he is not entitled to head of household filing status.
It is true that individuals not married at the close of the year include those persons who are legally separated "under decree of divorce or separate maintenance," but that is not the situation in Plaintiff's case. Maule, 507-2nd Tax Mgmt (BNA), Income Tax Liability: Concepts andCalculation, A-49 (2005). Because Plaintiff was never legally separated from his wife, the exception is inapplicable, and his status as married precludes entitlement to head of household filing status.
2. Adjusted Filing Status
Defendant's representative explained during trial that Plaintiff was not entitled to head of household filing status but could qualify for married filing joint, which is a prerequisite to the credits Plaintiff seeks, provided he obtained the approval of his wife (submitting a letter to that effect from Julie-Ann and her 2006 return). Plaintiff was given time after trial and before the court rendered its decision to obtain his wife's approval of a filing status of married filing joint, but Plaintiff's spouse apparently refused to be part of a joint return with her husband; at least, Plaintiff never submitted anything indicating his wife's assent to that filing status. Accordingly, Plaintiff's filing status for 2006 is married filing separate.
B. Working Family Child Care Credit
ORS 315.262(2) provides for a credit for qualifying child care expenses "equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)." The child care expenses must be necessary for the taxpayer "to be gainfully employed, to *Page 4 
seek employment or to attend school on a full-time or part-time basis * * *." ORS 315.262(1)(a). The care cannot be provided by "[t]he child's parent or guardian, unless the care is provided in a certified or registered child care facility." ORS 315.262(1)(a)(A). Finally, to qualify for the credit, the taxpayer must file a joint return, be legally separated and file a separate return, or reside in a separate household from his spouse at the end of the year. ORS 315.262(5)(d).
Plaintiff did not file a joint return in 2006, was not legally separated, and did not live in a separate household than his wife at the end of the year. Therefore, he is not entitled to claim a working family child care credit under ORS 315.262.
C. Dependent Care Credit
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is referred to as the dependent care credit. The dependent care credit is specifically tied to IRC section 21, which requires, among other things, that married taxpayers file a joint return. IRC § 21(e)(2). There is a statutory exception for married individuals living apart, but, in order to qualify, "during the last 6 months of such taxable year [the taxpayer's] spouse [must] not [be] a member of [the taxpayer's] household." IRC §21(e)(4)(B). In this case, Plaintiff was living with his spouse for the last six months of the taxable year. Accordingly, he is not entitled to the dependent care credit provided in ORS 316.078.
 III. CONCLUSION
The court concludes that for tax year 2006: 1) Plaintiff is not entitled to head of household filing status but is instead required to adopt the married filing separate status; 2) Plaintiff is not entitled to the working family credit; and 3) Plaintiff is not entitled to the dependent care credit. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Plaintiff's filing status is married filing separate;
IT IS FURTHER DECIDED that Plaintiff is not entitled to the working family credit provided in ORS 315.262; and
IT IS FURTHER DECIDED that Plaintiff is not entitled to the credit for dependent care expenses provided in ORS 316.078.
Dated this _____ day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 15,2009. The Court filed and entered this document on January 15, 2009.
[1] References to the Oregon Revised Statutes (ORS) are to 2005.
[2] Plaintiff did not get married in 2006; the couple was married prior to that year, but Plaintiff's legal status in 2006 was "married."
[3] The last name is not clearly legible; it appears to be "McClure," but all that is reasonably certain is that the first three letters are McC. *Page 1